# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 23-mj-114
the two cellular telephones described in Attachment A )
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the __Eastern__ District of __Pennsylvania__, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 111(a)(1) and 1114(a) | Attempted murder and forcible assault of a federal officer and a person assisting such an officer |

The application is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Joseph Donahue
*Applicant's signature*

Joseph Donahue, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Lynne A. Sitarski
Digitally signed by Lynne A. Sitarski
Date: 2023.01.19 15:57:42 -05'00'

Date: 1/18/2023

*Judge's signature*

City and state: Philadelphia, PA     Honorable Lynne A. Sitarski, U.S. Magistrate Judge
*Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br><br>the two cellular telephones described in Attachment A | )<br>)<br>)  Case No.   23-mj-114<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the   Eastern   District of   Pennsylvania
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before   February 1, 2023   *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the duty magistrate.

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   1/18/2023; 5:35 p.m.   *Lynne A. Sitarski* (Digitally signed by Lynne A. Sitarski, Date: 2023.01.19 15:58:42 -05'00')
*Judge's signature*

City and state:   Philadelphia, PA     Honorable Lynne A. Sitarski, U.S. Magistrate Judge
*Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return |||
|---|---|---|
| Case No.:<br>23-mj-114 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

                                                        _____
*Executing officer's signature*

                                                        _____
*Printed name and title*

## ATTACHMENT A

The property to be searched are the following two cellular telephones (collectively referred to as the "TARGET PHONES") that were recovered from inside a white Dodge Caravan bearing Pennsylvania registration "STANVIL" that was being operated by ANTHONY LOMBARDO on January 17, 2023 in Philadelphia:

(3) a blue Apple iPhone, with a sticker on the back that reads, in part, "Anthony Lombardo"; and

(4) an orange Android cellphone, with a sticker on the back that reads, in part, "Anthony Lombardo."

This warrant authorizes the forensic examination of the TARGET PHONES for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

All records on the TARGET PHONES described in Attachment A that relate to violations of 18 U.S.C. §§ 111(a)(1) and 1114(a) (attempted murder and forcible assault, intimidation, and interference with a Federal Officer or person assisting such an officer), that have been committed by ANTHONY LOMBARDO and others, including:

a. Evidence of videos, communications, or other records relating to the attack of federal property or employees.

b. Financial records, and evidence of ownership or possessory interest of vehicles and homes identified in the investigation.

c. Evidence indicating the device user's state of mind as it relates to the offenses under investigation.

d. Communications, call logs and contact directory, including logs of incoming and outgoing calls to and from the TARGET PHONES and the contacts saved on the TARGET PHONES, photographs, videos, and other records that help establish identities of co-conspirators.

e. Communications to, from and including, and other records related to, ANTHONY LOMBARDO and co-conspirators.

f. Evidence of user attribution showing who used or owned the TARGET PHONES, such as communications (including voice mail, voice messages, text messages, and communications via applications downloaded onto the phone), photographs, videos, saved usernames and passwords, documents, browsing history, GPS data, call logs, contacts, directories, calendars, browsing history and internet searches.

2

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF TWO CELLULAR TELEPHONES CURRENTLY LOCATED AT THE FEDERAL BUREAU OF INVESTIGATION, PHILADELPHIA DIVISION, 600 ARCH STREET, PHILADELPHIA, PENNSYLVANIA | Case No. 23-mj-114 |

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A WARRANT TO SEARCH AND SEIZE**

I, Joseph Donahue, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property – two cellular telephones recovered from a vehicle associated with ANTHONY LOMBARDO, which are further described in Attachment A – that is currently in the possession of law enforcement, and the extraction from that property of electronically stored information described in Attachment B.

2. I have been employed as a Special Agent with the FBI since September 2015 and am currently assigned to the Philadelphia FBI Violent Crime Task Force ("VCTF"). My current duties include, among other things, the investigation of bank robberies, fugitives, firearms offenses, kidnappings, and in this instance, assaults on federal employees. Prior to my duties as a Special Agent of the FBI, I was a Police Officer in the Town of Northborough, Massachusetts from January 2013 through August 2015.

3. This affidavit is based upon information I have gained from my investigation, my training and experience, as well as information received from others, including law enforcement

officers. This affidavit is intended to show only that there is probable cause for the requested warrant, and therefore I have not included every fact known to me concerning this investigation.

4. As set forth below, based on my training and experience and the facts as set forth below, I submit that there is probable cause to believe that ANTHONY LOMBARDO attempted to murder and forcibly assault, intimidate, and interfere with a Federal Officer or person assisting such an officer, in violation of 18 U.S.C. §§ 111(a)(1) and 1114(a). Further I submit that there is probable cause to believe that evidence of that crime will be found within the two cellular telephones (described below) to be searched

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

5. The property to be searched consists of two cellular telephones recovered during a court-authorized search of a white Dodge Caravan bearing Pennsylvania registration "STANVIL" ("the Vehicle"). The search of the Vehicle was authorized by the Honorable Lynne A. Sitarski and the warrant was issued on January 17, 2023 (Mag. No. 22-mj-87). The warrant was executed on the morning of January 18, 2023.

6. This application seeks approval to search following devices (unless individually specified, collectively referred to as the "TARGET PHONES") that were recovered from inside the Vehicle during law enforcement's search:

> (1) a blue Apple iPhone, with a sticker on the back that reads, in part, "Anthony Lombardo"; and
>
> (2) an orange Android cellphone, with a sticker on the back that reads, in part, "Anthony Lombardo."

7. This application seeks approval for a warrant that would authorize the seizure and search (including a forensic examination) of the TARGET PHONES for the purpose of identifying electronically stored data particularly described in Attachment B.

**PROBABLE CAUSE**

8. On January 17, 2023, L.J.,[1] a Court Security Officer ("CSO") employed by the United States Marshals Service ("USMS") was working his assigned post in the area of 34 North 7th Street, Philadelphia, PA. CSO L.J., a private security officer contracted by the USMS, was engaged in performance of official duties on behalf of and in assistance to the USMS and the United States as defined by 18 U.S.C. § 1114. Specifically, CSO L.J. was charged with manning a security checkpoint that served the Federal Offices and Courthouse for the Eastern District of Pennsylvania ("Federal Complex").

9. At approximately 9:30 a.m., a white Dodge Caravan bearing Pennsylvania registration "STANVIL" ("the Vehicle") parked along the east side of North 7th Street, approximately 75 feet south of the vehicle checkpoint for the Federal Complex. The area where the Vehicle parked was a prohibited parking zone. Within approximately 30 seconds of the Vehicle arriving, CSO L.J. approached the Vehicle at the front passenger side. The operator of the Vehicle, identified as defendant ANTHONY LOMBARDO, exited the driver's seat and walked around the front of Vehicle with a large kitchen knife in his right hand. He approached CSO L.J. at which time CSO L.J. discharged his service firearm, striking LOMBARDO. LOMBARDO fell to the ground on his knees, driving the knife into the dirt of a tree planter on the side of the road. LOMBARDO released the knife, leaving it in the ground. With his right hand, LOMBARDO then began grabbing at an unknown object inside the left sleeve of his long-sleeved shirt. CSO L.J. discharged his firearm once more, striking LOMBARDO, who then laid on his back with arms outstretched.

---

[1] The identity of L.J. is known to the government. L.J. is identified by initials to protect his identity given the violent nature of the investigation and the location of the incident.

10. A witness, A.G.,[2] observed aid being rendered to the injured LOMBARDO and saw a second knife recovered from LOMBARDO's person. A second witness, G.D.,[3] was assisting other CSOs with LOMBARDO's apprehension and subsequent aid, and observed the removal of a second knife that was protruding from the sleeve of LOMBARDO's left arm.

11. Responding law enforcement officers also observed that LOMBARDO's clothing was oddly shaped in that the outline of a square, bulky object was visible beneath his gray hooded sweatshirt. This concerned law enforcement personnel that a potential explosive device may be secreted beneath LOMBARDO's clothing. That object was later found to be makeshift body armor made of hard plastic. While LOMBARDO was being handcuffed, he flailed his arms and legs at law enforcement, at which time he stated, in substance: "Let me bleed out."

12. On January 18, 2023, the above-referenced federal search warrant was executed on the Vehicle, during which time agents recovered a journal and the TARGET PHONES from inside the passenger compartment.

13. Based upon my experience as a law enforcement officer investigating violent crimes and in my conversations with other investigators, I know that individuals who target or attack government buildings or employees often possess documents and records about their plans or communicate about their intentions with others in advance of carrying out their plot. These communications are typically made over cellular telephones. Moreover, internet searches, notetaking applications, and social media are tools and methods by which these individuals scout and plan their attacks in an effort to gather information before taking action. I also know, based

---

[2] The identity of A.G. is known to the government. A.G. is identified by initials to protect her identity given the violent nature of the investigation and the location of the incident.

[3] The identity of G.D. is known to the government. G.D. is identified by initials to protect his identity given the violent nature of the investigation and the location of the incident.

on my training and experience, that individuals who carry out attacks on government-associated places and employees often communicate by text messages, videos, images, e-mails, and messages over social media, and take or store videos and images of locations and other propaganda and share these items with others. I also know that cell phones and mobile applications that are downloaded onto cell phones are capable of logging GPS location data of the device. GPS location data saved onto a mobile device can also provide evidence of the planning stages undertaken and any other targets or locations that were scouted by the attacker.

14. Accordingly, I believe that based upon the violent nature of LOMBARDO's attempted assault on CSO L.J. with a knife, the existence of a second knife secreted in his sleeve, his makeshift body armor, and LOMBARDO's presence inside the Vehicle while in possession of the TARGET PHONES immediately before he approached CSO L.J. with a large kitchen knife, I submit that there is probable cause to search the contents of the TARGET PHONES for evidence of LOMBARDO's plan to assault Federal Officers at the Federal Complex on January 17, 2023. This evidence may include the use of mapping functions within the phone to target, locate, and determine the means of arriving at or fleeing from the location of the crime. I am aware that individuals often use the internet to research locations and identify potential victim individuals and victim agencies of their crimes. Similarly, I am aware that individuals may take and use photographs to identify areas of potential attacks upon targeted victims and victim agencies. I am also aware that cellular phones often reveal the use of various communication tools, such as email, text messaging, and social media applications to discuss the intentions to commit crimes on locations and individuals. Additionally, cellular phones often reveal evidence of user attribution of phones including through recovered accounts, financial records, and documents revealing the user of the cellular telephone. Finally, I am also aware that the location capabilities of cellular phones are also often evidence of the planning and commission of crimes

and have reason to believe that the TARGET PHONES contain the capabilities of capturing location information. I believe, in sum, that the data extracted from the TARGET PHONES is likely to contain information concerning the "who, what, when, where, why and how" of the offense under investigation.

15. The TARGET PHONES are currently in the lawful possession of the FBI at FBI Philadelphia, 600 Arch Street, Philadelphia, Pennsylvania. The TARGET PHONES have been in the custody of the FBI since they were recovered from the Vehicle on January 18, 2023. I know that the TARGET PHONES have been stored in a manner in which its contents are in substantially the same state as they were when the TARGET PHONES first came into the possession of the FBI.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

16. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

17. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the TARGET PHONES were used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the TARGET PHONES because:

    a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

6

  b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

  c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

  d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

  e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

18.  *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the TARGET PHONES consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

19. *Manner of execution.* Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

20. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the TARGET PHONES described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

/s/ Joseph Donahue
Joseph Donahue, Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me
on January 18, 2023:

Lynne A. Sitarski
Digitally signed by Lynne A. Sitarski
Date: 2023.01.19 15:59:40 -05'00'

HONORABLE LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE

8